Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA 94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiff

FILED
MAY 18 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 - 2651   PVT

| | |
|---|---|
| Lin SHEN | Civil No. |
| Plaintiff, | PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS |
| -vs- | |
| Michael Chertoff, Secretary | |
| Emilio T. Gonzalez, Director, CIS | "Immigration Case" |
| Rosemary Melville, District Director | CIS NOs.    A078-211-932 |
| Frank Siciliano, Field Office Director | |
| Department of Homeland Security; | |
| Robert S. Mueller, Director | |
| Federal Bureau of Investigations | |
| Defendants. | |

COMES NOW Lin Shen, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1.    This action is brought against the Defendants to compel action on Form N-400, Application for Naturalization properly filed by the Plaintiff. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

COMPLAINT                                                        1

## PARTIES

2. Plaintiff Lin Shen is a 36 year-old native and citizen of the People's Republic of China. She became a lawful permanent resident of the United States on May 8, 2001.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

4. Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has, in part, been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5. Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity. Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area. 8 C.F.R. § 100.2(d)(2)(ii).

6. Defendant Frank Siciliano is the Field Office Director of the San Jose sub-office and this action is brought against him in his official capacity. Defendant Frank Siciliano is an official of the CIS charged with supervisory authority over operations of the San Jose sub-office, including adjudication of naturalization applications filed within its jurisdiction. Defendant Frank Siciliano is the official with whom Plaintiff's application for naturalization continues to pend. 8 CFR §100.2(d)(2)(ii), 8 CFR §100.4(c)(1), and 8 CFR §103.1(b).

7. Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and this action is brought against him in his official capacity. Defendant Robert S. Mueller is the head of

COMPLAINT                                                2

the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General. 28 USC § 533.

## JURISDICTION

8. The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b) and §701 *et seq.*, 8 USC § 1421 *et seq.*, and 8 USC § 1447(b) and 28 USC § 2201 since the Defendants have failed to make a determination of Plaintiff's application for naturalization within the 120 day statutory period. Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in Santa Clara County, assignment shall be to the San Jose Division.

## VENUE

10. Venue is proper in this court, pursuant to 28 USC § 1391(e)(3), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the plaintiff resides if no real property is involved in the action. Specifically, Plaintiff resides at 1243 Calle de Cuestanada, Milpitas, California, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

11. Plaintiff has exhausted her administrative remedies. Plaintiff has made numerous inquiries concerning the status of her application to no avail.

## CAUSE OF ACTION

12. All legal prerequisites having been satisfied, Ms. Shen filed her application for naturalization on February 13, 2006, with the USCIS.

13. On or about March 17, 2006, Ms. Shen received a Fingerprint Notification notice from the

COMPLAINT                                    3

Application Support Center at USCIS San Jose set for April 7, 2006.

14.     On April 7, 2006, Ms. Shen went to the Application Support Center in San Jose, and her fingerprints were taken.

15.     On June 22, 2006, Ms. Shen attended her interview with the USCIS. She passed the civics and English requirement. Ms. Shen later received a written notification (N-652) that her name check was still pending, and therefore a decision could not be made on her application for naturalization.

16.     On October 17, 2006, Ms. Shen contacted the USCIS regarding the status of her case. On or about October 24, 2006, the USCIS sent Ms. Shen a letter stating that, "[t]he processing of your case has been delayed. A check of our records establishes that your case is not yet ready for decision, as the required investigation into your name check remains open."

17.     On December 5, 2006, Ms. Shen again contacted the USCIS to inquire about the status of her case. On or about December 6, 2006, Ms. Shen received a letter from the USCIS stating, "[t]he processing of your case has been delayed. A check of our records establishes that your case is not yet ready for decision, as the required investigation into your background remains open."

18.     On April 18, 2007, Ms. Shen through her attorney, sent a letter to the USCIS again inquiring about the status of her case, and informing the USCIS that her father has been struck with cancer and she must travel to China frequently to help take care of him. Ms. Shen's letter informed the USCIS that she is considering bringing her elderly parents to the United States, and to do so, she must be a United States citizen. Ms. Shen also informed the USCIS that she and her boyfriend, a citizen and resident of China, are contemplating marriage, and in order for Ms. Shen to be able to bring her husband to the United States immediately, Ms. Shen must be a United States citizen.

19.     On April 25, 2007, Ms. Shen's attorney was again informed by the USCIS that, "[t]he processing of your case has been delayed. A check of our records establishes that your case is not yet ready for decision, as the required investigation into your name checks remains (sic) open."

COMPLAINT                                                       4

20. More than 120 days have passed since the Plaintiff's initial interview, and the Defendants have made no decision on Plaintiff's application.

21. The Defendants' failure to make a determination of Plaintiff's application within the 120-day statutory period allows the Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC § 1447(b).

22. Further, upon information and belief, following Ms. Shen's interview on February 13, 2006, the USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiff, to complete and verify security checks with regard to Plaintiff Shen. Defendants Secretary Chertoff and Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks as required under Executive Order 10450.

23. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., have unlawfully withheld, and are unlawfully withholding and unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case. By denying adjudication, Defendants are denying Ms. Shen the right to vote, the right to bring her elderly and sick parents to the United States, and the ability to marry and immigrate to the United States a foreign born husband in an expeditious manner.

24. Plaintiff desires a judicial determination of her naturalization application and a declaration that she is entitled to be naturalized as a citizen of the United States.

## PRAYER

25. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court will:

    (a) hear Plaintiff's case and render a declaratory judgment that she is entitled to be naturalized,

COMPLAINT      5

(b) award the Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

(c) grant such further relief at law and in equity as justice may require.

Dated: 5/14/07

Christina H. Lee
Attorney for Plaintiff

COMPLAINT                                   6